# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LUCIA PITCHER, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01499-JCM-CWH |
| vs. | ) **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

This matter was referred to the undersigned Magistrate Judge on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1), filed August 23, 2012.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most

favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

        Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA") denying benefits.  Prior to filing suit, a plaintiff must exhaust administrative remedies.  *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision.  If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council.  If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review.  *See generally* 20 C.F.R. §§ 404, 416.

        Once a plaintiff has exhausted administrative remedies, she can obtain judicial review of an SSA decision denying benefits by filing suit within sixty (60) days after notice of a final decision.  *Id.*  An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides."  *Id.*  The complaint should state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she exhausted her administrative remedies.  The Complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief.  A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted her administrative remedies and timely filed a civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

        Plaintiff alleges that on June 5, 2012, the Appeals Council denied her request for review, and, at that time, the ALJ's decision became the final decision of the Commissioner.  Thus, it appears Plaintiff

1  has exhausted her administrative remedies.  On August 23, 2012, Plaintiff filed this Application seeking
2  court review.  However, for this Application to be timely, Plaintiff needed to file it by August 9, 2012,
3  60 days after receipt of the Notice of Appeals Council Action.  In certain rare instances, the 60-day
4  limitation for seeking relief in district court can be excused.  The Supreme Court has termed it a statute
5  of limitations that may be waived by the Secretary, rather than a jurisdictional bar.  *See, e.g., Bowen v.*
6  *City of New York*, 476 U.S. 467 (1986) (holding the 60-day period is not jurisdictional, but instead
7  constitutes a statute of limitations and is subject to equitable tolling); *Aschettino v. Sullivan*, 724
8  F.Supp. 1116 (W.D.N.Y. 1989) (finding plaintiff entitled to the doctrine of equitable of tolling when
9  Secretary did not act on the request for extension or even acknowledge it); *Vernon v. Heckler,* 811 F.2d
10 1274 (9th Cir. 1987) (finding equitable tolling appropriate because plaintiff had allegedly been told by
11 an employee of the SSA that the deadline would be extended); *Carrol v. Sullivan*, 802 F.Supp. 295
12 (C.D. Cal. 1992) (finding government conduct that is misleading provides a basis for tolling the
13 limitations period).  Because Plaintiff has not provided any factual support demonstrating that her
14 Application is timely or equitable tolling applies, the complaint must be dismissed.  Given this
15 deficiency, the dismissal will be without prejudice to Plaintiff to allow her to file an amended complaint
16 if she believes her claim is cognizable.

17       Based on the foregoing and good cause appearing therefore,

18       **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is
19 **granted**.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
20 Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any
21 additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in*
22 *forma pauperis* shall not extend to the issuance of subpoenas at government expense.

23       **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

24       **IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure
25 to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)**
26 days from the date that this Order is entered to file an amended complaint correcting the noted
27 deficiency.  Failure to comply with this Order may result in the Court recommending that this action be
28 dismissed..

1    Dated this 30th day of August, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge